| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF KERSHAW | ) | |
| | ) | |
| KENNETH MICHAEL BARFIELD | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2013-CP-28-929 |
| vs. | ) | |
| | ) | |
| KERSHAW COUNTY SHERIFF'S OFFICE AND AARON THREATT | ) | |
| Defendant(s) | ) | |

| Submitted By: Lir Patrick Derieg | SC Bar #: | 76135 |
|---|---|---|
| Address: 1924 Barnwell Street | Telephone #: | 803-658-0298 |
| Columbia, SC 29201 | Fax #: | 803-244-8630 |
| | Other: | |
| | E-mail: | Lir@DeriegLaw.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.     ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☒ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _____    Date: 11/26/2013

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (04/2012)                                    Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF KERSHAW<br><br>KENNETH MICHAEL BARFIELD,<br><br>        *Plaintiff,*<br><br>v.<br><br>KERSHAW COUNTY SHERIFF'S OFFICE; and AARON THREATT,<br><br>        *Defendants.* | IN THE COURT OF COMMON PLEAS FOR THE FIFTH JUDICIAL CIRCUIT<br><br>Civil Action No. 2013-CP-28-929<br><br>**SUMMONS**<br><br>FILED FOR RECORD<br>2013 NOV 26 AM 10:33<br>JOYCE MCDONALD<br>CLERK OF COURT<br>KERSHAW COUNTY, S.C. |

**TO:   ABOVE-NAMED DEFENDANTS**

YOU ARE HEREBY SUMMONED and required to answer the attached Complaint and serve a copy of your Answer on the Plaintiff's attorney, Lir Patrick Derieg, at 1924 Barnwell Street, Columbia, South Carolina 29201, within thirty (30) days after service, excluding the date of service.

If you fail to answer the Complaint within thirty days, the Plaintiff will request the Court enter a default judgment against you for all damages alleged in the Complaint.

Respectfully submitted,

_____
Lir Patrick Derieg (SC Bar # 76135)
1924 Barnwell Street
Columbia, SC 29201
(803) 658-0298
Facsimile (803) 244-8630
lir@derieglaw.com

November 26, 2013
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF KERSHAW<br><br>KENNETH MICHAEL BARFIELD,<br><br>*Plaintiff,*<br><br>v.<br><br>KERSHAW COUNTY SHERIFF'S OFFICE; and AARON THREAT,<br><br>*Defendants.* | IN THE COURT OF COMMON PLEAS FOR THE FIFTH JUDICIAL CIRCUIT<br><br>Civil Action No. 2013-CP-28-929<br><br>**COMPLAINT**<br>(Jury trial demanded) |

The Plaintiff, through his undersigned attorneys, alleges the following against Defendants:

1. Plaintiff Kenneth Michael Barfield is a citizen of the State of South Carolina and a resident of Kershaw County.
2. Defendant Kershaw County Sheriff's Office is a government agency as defined in S.C. Code Ann. §15-78-30(a).
3. Pursuant to S.C. Code Ann. § 15-78-70(c), Defendant Kershaw County Sheriff's Office is statutorily liable for the acts and omissions of its employees acting in the course and scope of their official duties.
4. Defendant Aaron Threatt, upon information and belief, is a resident of Kershaw County, South Carolina.
5. The events giving rise to this action took place in Kershaw County, South Carolina.
6. State law claims are brought pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 1-78-10 *et seq*.
7. Plaintiff invokes the Court's concurrent jurisdiction to preside over claims arising pursuant to the United States Constitution and federal statutes; specifically, 42 U.S.C. §§1983 and 1988, as well as the First, Fourth, and Fourteenth Amendments.
8. Venue in Kershaw County is proper.

9. This Court has proper jurisdiction over the parties and subject matter of this action.

## FACTS

10. On November 26, 2011, Defendant Threatt was dispatched to 1854 Winchester Road, Cassatt, South Carolina, Plaintiff's residence, in reference to a noise complaint.
11. Upon arriving in the area and parking several hundred yards from Plaintiff's residence, Defendant Threatt alleges to have heard yelling coming from Plaintiff's house.
12. Defendant Threatt proceeded to Plaintiff's residence, where he found all of Plaintiff's lights out inside and no one in the yard. There were, however, many Christmas lights on the house and surrounding property which were all illuminated.
13. Defendant Threatt pounded on several of Plaintiff's windows and doors in an attempt to make contact with Plaintiff.
14. Plaintiff was awakened in bed from Defendant Threatt's loud banging.
15. Plaintiff arose from bed, put on clothes, and went outside on his porch to ascertain the cause of the banging on his house.
16. After Plaintiff stepped off of his own porch, investigating the loud banging, Defendant Threatt tackled Plaintiff from behind, causing Plaintiff to fall off on the ground surrounding the porch.
17. While Plaintiff was lying face down in the dirt, Defendant Threatt forcibly jerked Plaintiff's hand behind Plaintiff's back and locked handcuffs about Plaintiff's wrists.
18. Plaintiff began to have a panic attack but Defendant Threatt refused to help Plaintiff up off the ground.
19. When EMS arrived to care for Plaintiff, Defendant Threatt threatened Plaintiff and advised Plaintiff that if Plaintiff went to the hospital, Plaintiff would be arrested.
20. Based on statements made to Plaintiff by Defendant Threatt, Plaintiff

declined medical attention and exited the ambulance.

21. Upon Plaintiff exiting the ambulance, Defendant Threatt arrested Plaintiff and ordered Plaintiff's father to place Plaintiff in the back of Defendant Threatt's patrol car.
22. Despite numerous requests from Plaintiff and Plaintiff's wife, Defendant Threatt refused to tell Plaintiff for what charge he was being arrested.
23. Despite numerous requests from Plaintiff and Plaintiff's wife because Plaintiff was in severe pain, Defendant Threatt refused to loosen the handcuffs on Plaintiff's wrists.
24. Defendant Threatt transported Plaintiff to Kershaw County Detention Center, again refusing to inform Plaintiff the charges against him.
25. After spending a night in jail, Plaintiff was finally informed of the charge against him, Breach of Peace, at his bond hearing the next evening at approximately 7:00 pm.
26. Besides experiencing a panic attack, as well as other emotional and mental injuries, Plaintiff suffered a contusion to his lower back, bruising and bleeding about his wrists, and bruising and abrasions to his face and body.
27. Upon being released from jail, Plaintiff went immediately to his doctor to receive treatment for the injuries sustained at the hands of Defendants.
28. Plaintiff was sent to physical therapy and was forced to walk with a cane for several months.
29. Upon Plaintiff's motion to dismiss, on May 9, 2013, Judge Corbett of Kershaw County Magistrate Court, dismissed the Breach of Peach charge against Plaintiff, noting that Defendant Threatt did not have the probable cause, or right, to charge or to arrest Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### (§1983 Fourth Amendment violation against all Defendants for illegal seizure)

30. Each and every prior allegation is incorporated by reference as though it was restated verbatim.
31. Defendants intentionally and unlawfully restrained the Plaintiff without reason. No reasonable suspicion or probable cause existed to detain Plaintiff or place Plaintiff under investigative detention and/or arrest.
32. The Defendants restrained Plaintiff by intimidation and then by force. Defendants ultimately grabbed the Plaintiff and restrained him further in handcuffs and locked him in the back of a patrol car.
33. As a result, Defendants' actions violated Plaintiff's Fourth Amendment right to remain free from unreasonable seizure.
34. Defendants' actions were the direct and proximate cause of Plaintiff's deprivation of liberty, physical harm and emotional harm including, but not limited to, stress, embarrassment, and fear.

## FOR A SECOND CAUSE OF ACTION

### (§1983 Fourth Amendment violation against all Defendants for excessive use of force during the seizure of Plaintiff)

35. Each and every prior allegation is incorporated by reference as though it was restated verbatim.
36. As viewed from the perspective of a reasonable officer, Defendants did not have any reason to use any force against Plaintiff. Plaintiff never posed an immediate threat to the safety of others and did not actively resist any lawful arrest.
37. Defendants used excessive force against Plaintiff by tackling him, physically restraining him, handcuffing him, forcefully placing him in a patrol car, and refusing to provide medical care.
38. Defendants' actions violated Plaintiff's Fourth Amendment right to remain free from the use of unreasonable and excessive force.
39. Defendants' actions were the direct and proximate cause of Plaintiff's physical and emotional harm.

## FOR A THIRD CAUSE OF ACTION

### (§1983 Fourteenth Amendment violation against all Defendants for failure to provide necessary medical care to Plaintiff)

40. Each and every prior allegation is incorporated by reference as though it were restated verbatim.
41. During the seizure of Plaintiff, all Defendants were aware Plaintiff was suffering from a medical condition that placed his life in danger.
42. Plaintiff was in serious need of medical attention during his seizure by Defendants.
43. Plaintiff's medical needs were apparent to Defendants.
44. All Defendants acted with deliberate indifference to Plainiff's obvious need for medical attention.
45. As a result of Defendants' deliberate indifference to Plaintiff's medical needs, Plaintiff had a panic attack.
46. Defendants' actions were the direct and proximate cause of Plaintiff's panic attack.

### FOR A FOURTH CAUSE OF ACTION
### (Common law claim for battery pursuant to the South Carolina Tort Claims Act against Defendant Kershaw County Sheriff's Office)

47. Each and every prior allegation is incorporated by reference as though it was restated verbatim.
48. Defendant Kershaw County Sheriff's Office is liable for the acts of its employees during the course and scope of their employment under the terms and conditions of the South Carolina Tort Claims Act.
49. Defendants, employees of the Defendant Kershaw County Sheriff's Office, intentionally and unlawfully inflicted unwanted physical contact upon Plaintiff by placing handcuffs on him and detaining him for no reason.
50. Defendant Kershaw County Sheriff's Office's actions were the direct and proximate cause of emotional and physical injury to Plaintiff, including but not limited to mental and emotional anguish, embarrassment, fear,

and physical injuries.

## FOR A FIFTH CAUSE OF ACTION
### (Common law claim for false imprisonment pursuant to the South Carolina Tort Claims Act against Defendant Kershaw County Sheriff's Office)

51. Each and every prior allegation is incorporated by reference as though it was restated verbatim.

52. Defendant Kershaw County Sheriff's Office is liable for the acts of the Defendants during the course and scope of their employment under the terms and conditions of the South Carolina Tort Claims Act.

53. Defendants, employees of the Defendant Kershaw County Sheriff's Office, intentionally and unlawfully restrained the Plaintiff by placing handcuffs on him and detaining him for no reason.

54. The restraint upon Plaintiff was intentional and unlawful.

55. Defendant Kershaw County Sheriff's Office's actions were the direct and proximate cause of emotional and physical harm to the Plaintiff, including but not limited to mental and emotional anguish, embarrassment, fear, and physical injuries.

## FOR A SIXTH CAUSE OF ACTION
### (Negligent Hiring/Supervision/Retention pursuant to the South Carolina Tort Claims Act against Defendant Kershaw County Sheriff's Office)

56. Each and every prior allegation is incorporated by reference as though it was restated verbatim.

57. Defendant Kershaw County Sheriff's Office had a duty to the public, including Plaintiff, to exercise diligence in hiring, supervising and retaining any employees, and specifically the named Defendants, as Kershaw County Sheriff's Office deputies.

58. Defendant Kershaw County Sheriff's Office breached its duty to Plaintiff in failing to properly hire, supervise and/or retain the named

-6-

Defendants, including, but not limited to the following:
  a. Failure to properly investigate Defendants' background;
  b. Failure to properly determine whether Defendants were fit for duty;
  c. Failure to properly train Defendants to perform their duties;
  d. Failure to insure Defendants were exercising their duties in a diligent, proper and reasonable manner;
  e. Failure to properly investigate Defendants actions as deputies;
  f. Failure to properly discipline Defendants for unreasonable behavior;

59. Defendant Kershaw County Sheriff's Office's breach of the duties described above was the direct and proximate cause of physical and emotional injury to Plaintiff.

Having fully pled its cause of action against the Defendants, Plaintiff demands a trial by jury and respectfully requests this Honorable Court award the following:
  a. compensatory damages in an appropriate amount;
  b. punitive damages in an appropriate amount against all Defendants individually;
  c. attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and
  d. any other relief the Court deems just and proper.

**(SIGNATURE BLOCK ON NEXT PAGE)**

Respectfully submitted,

*[signature]*

Lir Patrick Derieg (SC Bar # 76135)
1924 Barnwell Street
Columbia, SC 29201
(803) 658-0298
Facsimile (803) 244-8630
lir@derieglaw.com

Joshua Snow Kendrick (SC Bar 70453)
Christopher S. Leonard (SC Bar 80166)
KENDRICK & LEONARD, P.C.
P.O. Box 886 (29202)
1916 Barnwell Street
Columbia, SC 29201
(803) 667-3186
Facsimile (803) 667-3187
Josh@KendrickLeonard.com

November 26, 2013
Columbia, South Carolina

-8-