IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| KENNETH MICHAEL BARFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:13-cv-03569-TLW |
| ) | |
| KERSHAW COUNTY SHERIFF'S ) | |
| OFFICE and AARON THREATT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Plaintiff Kenneth Michael Barfield filed this action against the Kershaw County Sheriff's Office ("KCSO") and Aaron Threatt pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Defendants filed a motion for summary judgment on August 5, 2014 (Doc. #10), to which Plaintiff filed a response in opposition on August 22, 2014 (Doc. #11). This matter is now before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(f), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court grant Defendants' motion for summary judgment. (Doc. #16). Plaintiff filed timely objections to the Report on November 17, 2014. (Doc. #17). This matter is now ripe for disposition.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de

1

> novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). The Court has carefully reviewed the Report and Plaintiff's objections thereto in accordance with this standard, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law.

Defendant Threatt is entitled to summary judgment on Plaintiff's false arrest claim because he had probable cause to arrest Plaintiff for breach of peace. "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). An officer has probable cause for an arrest if the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979).

The record shows that Plaintiff's neighbor had previously made several reports of Plaintiff causing disturbances, including two complaints about Plaintiff yelling from his yard on the night of his arrest. Upon responding to the neighbor's first complaint of the evening, Threatt took no action because he did not "see" or "hear" Plaintiff yelling. (Doc. #10-3 at 7). After the neighbor's second complaint, with knowledge regarding Plaintiff's yelling from his yard earlier that evening, Threatt returned to Plaintiff's property and undertook further investigation. He turned off his patrol car and its lights and sat a few hundred yards away from Plaintiff's house to listen for any disturbance. Significantly, Threatt testified that he "heard Mr. Barfield yelling"

and that he knew it was Plaintiff because he is "familiar with [Plaintiff's] voice," as he has heard Plaintiff "be loud and boisterous before." Id. at 9.  These facts establish probable cause.

Although Plaintiff testified during his deposition that he was not in fact outside of his house yelling on the night of his arrest, the Magistrate Judge recommended concluding that "[e]ven if the yelling Threatt heard was not Plaintiff, the facts and circumstances within Threatt's knowledge—that [Plaintiff's neighbor] had complained of Plaintiff's yelling and that Threatt recognized the voice as Plaintiff's from his prior dealings—were sufficient to warrant Threatt to conclude that Plaintiff had breached the peace." (Doc. #16 at 10).

In his objections, Plaintiff argues that the Magistrate Judge erred by viewing the facts in the light most favorable to Threatt, rather than accepting Plaintiff's testimony that he was in bed at the time the alleged breach of peace occurred.  He asserts that there is a genuine issue of material fact: Threatt claims to have heard Plaintiff yelling from his property, while Plaintiff claims that he did not yell outside of his house the night of his arrest.  If Plaintiff was not outside his house making any noise, he contends, there was neither a breach of peace, nor probable cause to believe a breach of peace was committed.

Although Plaintiff is correct that there is a factual dispute as to whether Plaintiff was actually outside of his house yelling, that factual dispute is relevant only to Plaintiff's innocence or guilt.  It is not relevant to the issue of probable cause to arrest.  Two important facts lead the Court to conclude that Threatt had probable cause to arrest Plaintiff for breach of peace.  First, Plaintiff's neighbor, with whom he had been interacting for at least nine years (see Doc. #10-2 at 3), twice reported that she heard Plaintiff yelling from his property on the night of his arrest.  The neighbor's complaints alone are enough to establish probable cause that a breach of peace had occurred.  Second, Threatt testified that he was familiar with Plaintiff's voice through prior

3

interactions with him and that he based his conclusion that he heard Plaintiff yelling on that familiarity.  Even accepting that it was not *actually* Plaintiff who Threatt heard yelling, Threatt had an objective, reasonable belief that Plaintiff was the person he heard yelling, and it was justifiable for him to conclude that Plaintiff had breached the peace.  The record establishes that Threatt had probable cause to arrest.  Thus, for the reasons set forth above, the Magistrate Judge properly recommended finding that Threatt is entitled to summary judgment on Plaintiff's false arrest claim.

Threatt is also entitled to summary judgment on Plaintiff's excessive force claim.  Claims of excessive force during the course of an arrest are governed by an objective inquiry: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989) (citations omitted).  However, the extent of the arrestee's injuries is relevant, both because it may suggest whether the use of force could plausibly have been thought necessary in that particular situation, Whitley v. Albers, 475 U.S. 312, 321 (1986), and because it may provide some indication of the amount of force applied, Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (rejecting the notion that an Eighth Amendment excessive force claim involving only *de minimis* injury is subject to automatic dismissal).  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."  Graham, 490 U.S. at 396 (citation omitted).

Plaintiff testified that he was sleeping when he heard knocking on his doors and windows.  He stated that he walked outside to see who was knocking, and as he stepped off the porch, he walked by a "big bushy tree" and was "bulldogged from behind" by Threatt.  (Doc. #11-2 at 7).  Plaintiff's wife testified that she was standing at the door when she saw Plaintiff

4

step off the porch and get knocked to the ground by Threatt, who hit Plaintiff "like a football player." (Doc. #11-3 at 7). The Magistrate Judge recommended concluding that Plaintiff failed to show that Threatt used excessive force because Threatt "was reasonable in exerting force under the facts and circumstances confronting him at the time of Plaintiff's arrest" and "[t]he record is devoid of evidence that Threatt used more force than was necessary to restrain Plaintiff." (Doc. #16 at 12). The Court accepts the Magistrate Judge's analysis and recommendation because Threatt used reasonable force in light of evidence that Plaintiff was yelling, cursing, and using alcohol – evidence of breach of peace. (See Doc. #10-2).

In his objections, Plaintiff asserts that the Magistrate Judge incorrectly determined that Threatt did not use more force than necessary because, viewing the evidence in the light most favorable to Plaintiff, "it is clear he describes a violent ambush in which Threatt tackled him." (Doc. #17 at 4). Plaintiff makes repeated assertions about the "violent nature" of Threatt's conduct, (see, e.g., Doc. #17 at 4-5 ("Threatt simply jumped out from behind a tree and violently tackled Plaintiff;" "[Plaintiff] was tackled to the ground in a violent manner")), but he has introduced no evidence indicating that the force Threatt used was anything other than "a good-faith effort to maintain or restore discipline," see Wilkins, 559 U.S. at 40. The record does not reflect that the Plaintiff suffered any injury in light of the excessive force he alleges. It is undisputed that EMS workers called to the scene of Plaintiff's arrest found that his vital signs were normal. Moreover, Plaintiff refused to go to the hospital for treatment. Other than the redness Threatt noticed on Plaintiff's wrists from where he fell wearing handcuffs, there is no evidence of any injury. Even accepting Plaintiff's contention that he was "tackled to the ground" with no warning (see Doc. #17 at 5), "[n]ot every push or shove . . . violates the Fourth Amendment," Graham, 490 U.S. at 396, and Plaintiff's lack of injuries indicate that Threatt used

5

appropriate and reasonable force necessary to restrain Plaintiff, especially in light of the conduct that led to Plaintiff's arrest. Under the totality of the circumstances of this case, Plaintiff's allegations simply do not rise to the level of "objective unreasonableness" required to sustain a claim of excessive force. Accordingly, the Magistrate Judge properly recommended concluding that Threatt is entitled to summary judgment on Plaintiff's excessive force claim.

The Magistrate Judge also properly recommended granting summary judgment for KCSO on Plaintiff's false imprisonment claim. South Carolina law is clear that an action for false imprisonment cannot be maintained where one is arrested by lawful authority, see Manley v. Manley, 291 S.C. 325, 330 (Ct. App. 1987), and as discussed above, Plaintiff's arrest was supported by probable cause and was thus lawful. Finally, the Magistrate Judge properly recommended granting summary judgment for KCSO on Plaintiff's battery claim because, as previously discussed, Plaintiff failed to show that Threatt's use of force was excessive or unlawful.

For the reasons discussed herein, it is hereby **ORDERED** that the Report and Recommendation is **ACCEPTED** (Doc. #16), and Plaintiff's objections thereto are **OVERRULED** (Doc. #17). Defendants' motion for summary judgment is hereby **GRANTED**. (Doc. #10).

**IT IS SO ORDERED.**

                                         *s/ Terry L. Wooten*
                                         Terry L. Wooten
                                         Chief United States District Judge

January 29, 2015
Columbia, South Carolina